IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 11 B 29635 |
| James C. Chism ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ADV. NO. 11 AP 01691 |
| Bank of America ) | |
| Defendant. ) | |

## FINDINGS OF FACT

**A.** **The Parties**

1. The Plaintiff is James C. Chism ("Plaintiff").

2. The Defendant is Bank of America ("Defendant").

**B.** **Factual Background**

1. On or about July 19, 2011, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 16522 S. Kenwood Avenue, South Holland, IL 60473.

3. That PNC Mortgage holds a first mortgage lien on the real property commonly known as 16522 S. Kenwood Avenue, South Holland, IL 60473, with a secured claim of $205,806.00 pursuant to the Plaintiff's credit report.

4. The Defendant holds a second mortgage lien on the real property known as 16522 S. Kenwood Avenue, South Holland, IL 60473 in the approximate amount of

$27,138.60 pursuant to the proof of claim filed on July 29, 2011 by Green Tree Servicing LLC as servicer for Bank of America.

5. That the Plaintiff obtained an appraisal of the property on June 30, 2011 indicating the value of 16522 S. Kenwood Avenue, South Holland, IL 60473 as $130,000.00.

6. The first mortgage lien of PNC Mortgage is a secured claim based on the mortgage recorded on February 15, 2007 as document number 0704635155 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of Bank of America is a secured claim based on the mortgage recorded on February 15, 2007 as document number 0704635156 with the Cook County Recorder of Deeds, Illinois.

8. The Modified Chapter 13 Plan filed on August 17, 2011 provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $2,780.00.00 per month for 60 months.

9. Under the Chapter 13 Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On August 9, 2011, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 16522 S. Kenwood Avenue, South Holland, IL 60473.

11. That on August 9, 2011, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 100 N Tryon Street, Charlotte, NC 28255 and 345 St. Peter St. 300 Landmark, St. Paul, MN 55102 and upon the registered agent at 208 S. LaSalle St. STE 814, Chicago, IL 60604.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $130,000.00.

15. The first secured claim of PNC Mortgage in the amount of $205,806.00 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A.    Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.    Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of PNC Mortgage in the amount of $205,806.00, and the second secured claim of Bank of America in the amount of $26,253.00.

5. That value of Plaintiff's residence is $130,000.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case

is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C).*

Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 10/14/11

Enter: _____
United States Bankruptcy Judge
OCT 14 2011

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625